IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CATHERYNNE W. PRYOR-KENDRICK                                            PLAINTIFF

v.                                    Civil No. 05-5177

BONNIE RAE NEWTON; RAY NEWTON;
PENNY SUE ROLLER; and RAYMOND
LEE ROLLER                                                              DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Catherynne W. Pryor-Kendrick filed this pro se action on November 4, 2005. The plaintiff proceeds in forma pauperis. The case is before the undersigned for a determination of whether it should be served upon the defendants.

### **I. Background**

Pryor-Kendrick filed a fifty-five page document as her complaint. The complaint is difficult to follow. However, it appears that plaintiff was in partnership with Penny and Raymond Roller in a dog kennel and breeding business. The partnership apparently ended badly and plaintiff now seeks to recover her share of the partnership. Plaintiff also contends the Rollers stole a number of checks and forged the checks resulting in restitution being owed. Finally, plaintiff contends the Rollers are, or were, wrongfully in possession of various items of her personal property.

As relief against the Rollers, she asks for judgment in the amount of approximately $25,000. Plaintiff also asks that a variety of property including mobile homes, a shed, a flat trailer, a vehicle, furniture, and various dogs be sold and the proceeds paid to her. Finally,

-1-

plaintiff asks that the Rollers be criminally charged, with among other things, theft of property, forgery, and receiving stolen property.

With respect to Bonnie Newton, it appears she was at some point plaintiff's landlord. Plaintiff alleges Bonnie Newton stole checks from the plaintiff's mail box on May 10, 2002, and forged the checks. Plaintiff also contends Bonnie Newton committed the following unlawful acts: stole various items of personal property in 2002; forcibly entered plaintiff's mobile home on various dates in 2003 and plundered through her private property; and stole and forged checks in 2003. It is not clear what role Ray Newton played in these various activities.

As relief, plaintiff seeks damages in the approximate amount of $1,600,000 against Bonnie and Ray Newton. Plaintiff also seeks the transfer of various pieces of real property. Finally, plaintiff asks that the Newtons be charged with, among other things, forgery, theft of property, embezzlement, and breaking and entering.

## II. Discussion

This case is subject to dismissal. First, to the extent plaintiff believes she can himself bring criminal charges against the defendants, the claims fail. A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989). To the extent the complaint can be read to be asserting a claim based on the refusal of law enforcement agencies to bring criminal charges against the defendants, the claims also fail.

AO72A
(Rev. 8/82)

Second, certain of the events plaintiff complains about occurred more than three years before the filing of this complaint on November 4, 2005, and are barred by the applicable statute of limitations. A three year statute of limitations applies to § 1983 actions. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)(in § 1983 actions courts should apply the state statute of limitations applicable to personal injury torts); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir.1992) (personal injury action in Arkansas governed by three-year statute of limitations); *Morton v. City of Little Rock*, 934 F.2d 180, 183 (8th Cir.1991) (statute of limitations in Arkansas for § 1983 action is three years). Thus, to the extent the plaintiff challenges actions occurring more than three years before November 4, 2005, those claims are barred.

Third, the defendants are private individuals who are not subject to suit under 42 U.S.C. § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 2004 WL 2434971 (8th Cir. Nov. 2, 2004). A private individual does not act under color of law. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999).

Fourth, to the extent the plaintiff alleges that her property has been taken, no claim is stated. Neither the negligent nor the intentional taking of property states a claim of constitutional dimension if adequate post-deprivation remedies exist. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*,

31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy).  Adequate post-deprivation remedies exist because Arkansas recognizes a cause of action for conversion.  *See e.g., Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

Fifth, no other basis of federal jurisdiction appears to exist.  Federal courts are courts of limited jurisdiction.  *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998).  Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional or statutory law.  *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000).

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"  *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884)) (alteration in original)).  As noted above, no civil rights claim is stated under § 1983.

For diversity jurisdiction to exist, there must be complete diversity of citizenship.  28 U.S.C. § 1332.  "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship."  *Capitol Indem. Corp. v. Russellville Steel Co.*, 367 F.3d 831, 835 (8th Cir. 2004)(citation omitted).  In this case, the plaintiff is an Arkansas

AO72A
(Rev. 8/82)

citizen and she has also alleged Bonnie and Ray Newton are citizens of Arkansas. Diversity jurisdiction is therefore lacking.

### III. Conclusion

I therefore recommend this action be dismissed prior to service of process on the grounds that the action is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time), is barred by the statute of limitations, and asserts claims not cognizable under § 1983.

**Pryor-Kendrick has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Pryor-Kendrick is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of November 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)